# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAVID C. THOMAS,
                    Appellant,

                    v.

DEPARTMENT OF THE ARMY,
                    Agency.

DOCKET NUMBER
DC-0752-13-0398-I-1

DATE: August 12, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>David C. Thomas</u>, Hope Mills, North Carolina, pro se.

<u>Michael J. McHugh</u>, Fort Bragg, North Carolina, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        Effective February 8, 2013, the agency removed the appellant from his position of Simulation Program Administrator for Violation of Army Regulation 600-20 and Womack Army Medical Center, Policy #5, Prevention of Sexual Harassment. Initial Appeal File (IAF), Tab 4 at 28, 30-31. On March 4, 2013, the appellant filed, through his union representative, a grievance concerning the removal action.[2] *Id.* at 12, 14. On March 11, 2013, the appellant filed a Board appeal contesting his removal and raising numerous affirmative defenses. IAF, Tab 1. The appellant withdrew his grievance on March 13, 2013.[3] IAF, Tab 4 at 16.

---

[2] We note that the grievance notification is dated March 4, 2012. *Id.* at 12. However, as noted by the administrative judge, it appears that the grievance notification contains a typographical error, and that the date should be March 4, 2013, and not 2012. IAF, Tab 6 at 1 n.1.

[3] While the letter withdrawing the appellant's grievance is dated March 13, 2012, this also appears to be a typographical error, and that the date should be March 13, 2013. *Id.* at 16.

¶3        The administrative judge issued an order to show cause informing the appellant of his burden of proof on jurisdiction and ordering him to submit evidence and argument showing that the Board has jurisdiction over his removal appeal. IAF, Tab 6. After providing the parties with the opportunity to respond to the order to show cause and following a hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 17, Initial Decision (ID) at 1, 8.

¶4        The appellant timely filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly dismissed the appeal for lack of jurisdiction.</u>

¶5        Under 5 U.S.C. § 7121(e)(1), matters covered by 5 U.S.C. § 7512 that also fall within the coverage of a negotiated grievance procedure may be raised, at the discretion of the aggrieved employee, either under the appellate procedures of 5 U.S.C. § 7701 or under the negotiated grievance procedure, but not both. *Crawford-Graham v. Department of Veterans Affairs*, 99 M.S.P.R. 389, ¶ 6 (2005). The employee is deemed to have exercised an option when the employee timely files a notice of appeal under the applicable appellate procedures or timely files a grievance in writing in accordance with the provisions of the negotiated grievance procedure, whichever event occurs first. *Id*. An election to file a grievance is effective, and deprives the Board of jurisdiction over the grieved action, if the employee receives adequate notice of his election rights and his grievance is timely filed. *Kirkwood v. Department of Education*, 99 M.S.P.R. 437, ¶ 15 (2005).

¶6        Here, the appellant was notified of his appeal options prior to the effective date of his removal, IAF, Tab 4 at 30-31 (notice of decision), and he filed a grievance through his union representative before filing his Board appeal, IAF, Tab 1, Tab 4 at 12. The appellant does not dispute that he received proper notice

of his appeal options but rather contends that he did not authorize his union representative to file a grievance on his behalf. IAF, Tab 7, Tab 16 at 4; PFR File, Tab 1 at 4-5.

¶7 The administrative judge found that, because there was a material dispute of fact as to whether the appellant had authorized the union to file a grievance concerning the removal action before he filed his Board appeal from that action, it was necessary to hold a video-conference hearing on that jurisdictional issue. IAF, Tabs 11, 12. Upon considering the appellant's testimony that he had not authorized the union to file a grievance on his behalf, and the union representative's testimony that the appellant requested he file a grievance on March 4, 2013, the administrative judge found the union representative's testimony to be more credible than the appellant's. ID at 4-7.

¶8 The appellant challenges the administrative judge's credibility findings in his petition for review. PFR File, Tab 1 at 4-5. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The Board may overturn an administrative judge's demeanor-based credibility determinations when the judge's findings are incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole. *Faucher v. Department of the Air Force*, 96 M.S.P.R. 203, ¶ 8 (2004).

¶9 Here, the administrative judge held a hearing and assessed witnesses' credibility based in part on demeanor evidence. The administrative judge found that, based on her observations of the union representative's demeanor during his examination, the union representative was direct, consistent, and responsive without hesitation when explaining the events leading up to the appellant's filing of the grievance. ID at 6-7. The administrative judge further found that the

union representative did not have any reason to be untruthful concerning the appellant's request to file the grievance. ID at 7; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (holding that a witness's bias, or lack of bias, is one factor the administrative judge may consider in resolving credibility disputes). The administrative judge found that the appellant, on the other hand, would have a reason to deny requesting that the grievance be filed if he changed his mind, and instead wanted to file a Board appeal concerning his removal. ID at 7. Because the administrative judge's credibility findings in this case were complete, based on proper considerations, and consistent with the record, we defer to them on review. *See Faucher*, 96 M.S.P.R. 203, ¶ 8.

¶10 Accordingly, we discern no reason to disturb the administrative judge's finding that the appellant's filing of a grievance constituted an election of remedies under 5 U.S.C. § 7121(e)(1), statutorily foreclosing a subsequent Board appeal as an option. ID at 5-6. We therefore cannot consider issues related to the merits of the appellant's appeal, nor can we consider his affirmative defenses, including his allegations of harmful procedural error and prohibited discrimination. *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

¶11 To the extent that the appellant is blaming his union representative for failure to prosecute his case, an appellant is responsible for the errors of his chosen representative. *See Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). Based on the foregoing, we affirm the initial decision dismissing the appeal for lack of jurisdiction.

The documents the appellant submitted with his petition for review do not provide a basis to disturb the initial decision.

¶12 Along with his petition for review, the appellant submits phone records and e-mail communications which he states supports his claim that he never asked the union to file a grievance on his behalf. PFR File, Tab 1 at 6-11. Under 5 C.F.R.

§ 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). In addition, the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

¶13     The appellant has failed to show that the phone records and e-mail communications he submits on review were unavailable before the record closed despite his due diligence. Therefore, we need not consider these documents. *See Avansino*, 3 M.S.P.R. at 214. Moreover, even if we were to consider them, they would not provide a basis for granting review because they are not of sufficient weight to warrant a different outcome from that of the initial decision. *See Russo*, 3 M.S.P.R. at 349.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.